2017 WY 127

### BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,

v.

### John James LEARNED, WSB# 6-4150, Respondent.

### D-17-0005

Supreme Court of Wyoming.

October 25, 2017

### ORDER OF PUBLIC CENSURE

[¶1] **This matter** came before the Court upon a "Report and Recommendation for

Order of Public Censure," filed herein October 16, 2017, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent John James Learned should be publicly censured for his conduct. It is, therefore,

[¶2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Order of Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3] **ADJUDGED AND ORDERED** that John James Learned is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Order of Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Order of Public Censure; and it is further;

[¶4] **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Learned shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Mr. Learned shall pay the total amount of $800.00 to the Wyoming State Bar on or before December 1, 2017; and it is further

[¶5] **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6] **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Order of Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7] **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent John James Learned.

[¶8] **DATED** this 25th day of October, 2017.
**BY THE COURT:**
/s/ **E. JAMES BURKE**
**Chief Justice**

**BEFORE THE SUPREME COURT**
**STATE OF WYOMING**

| | |
|---|---|
| *In the matter of* | ) |
| *JOHN JAMES LEARNED,* | ) |
| *WSB No. 6-4150,* | ) |
| | ) |
| *Respondent.* | ) |

*Docket No. 2017-054*

IN THE SUPREME COURT
STATE OF WYOMING
FILED

**OCT 16 2017**

PATRICIA BENNETT, CLERK
~~Patricia Bennett~~
by CHIEF DEPUTY

## REPORT AND RECOMMENDATION
## FOR ORDER OF PUBLIC CENSURE

THIS MATTER came before the Board of Professional Responsibility on the 10th day of October, 2017, for consideration of the Stipulation for Public Censure submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Board having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.

1.     Respondent has been licensed to practice in Wyoming since 2007, and maintains an active practice of law in Laramie, Wyoming.

2.     On May 1, 2017, the Office of Bar Counsel received a letter from the Honorable Catherine R. Rogers, First Judicial District Court Judge, reporting a possible violation of the Wyoming Rules of Professional Conduct by Respondent. The incident which gave rise to Judge Rogers' report was the finding by Judge Rogers that Respondent had charged and received a $4,000.00 fee payment from the personal representative of an estate without obtaining the Court's approval as required by W.S. § 2-7-805(a). Judge Rogers referred the matter to Bar Counsel as a possible violation of Rule 1.5 of the Wyoming Rules of Professional Conduct. Judge Rogers also expressed additional concerns regarding Respondent's lack of diligence in the matter.

3.    In the underlying probate matter, *Estate of Charlotte Glasper*, Docket No. 46-272, Respondent filed a petition to appoint Elizabeth Thrower as personal representative of the Estate on July 11, 2013. Respondent did not obtain the order appointing Ms. Thrower as personal representative until November 22, 2013, a delay of more than nine months. Once the order appointing the personal representative was issued, Respondent did not obtain letters testamentary until March 21, 2014, more than eight months after Respondent petitioned the court for appointment of a personal representative. In addition, Respondent failed to comply with the following statutory requirements in the administration of the Glasper Estate:

- Respondent did not publish the notice required by W.S. § 2-7-201.
- Respondent did not file timely allowances or rejections of creditors' claims that were submitted in November and December 2013.
- Respondent did not file the inventory required by W.S. § 2-7-403 to be filed within 120 days after appointment of the personal representative.
- Respondent did not submit the report of appraisal required by W.S. § 2-7-404 to be filed within 120 days after timely filing of the inventory.
- Respondent did not complete the administration of the estate within one year after appointment of the personal representative as required by W.S. § 2-7-801.
- Respondent did not submit the final report required by W.S. § 2-7-806 to be filed within one year after appointment of the personal representative.

4.    In addition, Respondent was aware that the personal representative sold the estate's largest asset, the house, without obtaining the requisite approvals from the court (*see* W.S. 2-7-614 *et seq.*). In a "Motion to Set Hearing on Petition to Appoint Personal Representative" filed November 20, 2013, Respondent acknowledged that the imminent sale of the house "may have been lacking conformity to law," but Respondent did nothing to address that problem.

5.    In the course of the representation, Ms. Thrower made periodic payments which were deposited into Respondent's trust account. Respondent received an initial retainer payment in the amount of $500.00 from Ms. Thrower which was deposited into Respondent's trust account on April 15, 2013. He received additional payments that were deposited into his trust ac-

2

count in the following amounts on the following dates: $595.00 on July 16, 2013; $1,000.00 on February 26, 2014; and $3,000.00 on April 24, 2014, resulting in total payments of $5,095.00. Those payments were applied against Respondent's invoices in the matter until Ms. Thrower terminated Respondent's representation and hired other counsel in October 2014. At that time, there remained a balance in trust for Ms. Thrower of $697.19, which Respondent eventually refunded to the Glasper Estate.

6. In July 2015, after Ms. Thrower had terminated Respondent's representation and retained a different lawyer, an "Interim Report and Accounting" was filed which disclosed that Ms. Thrower had paid Respondent a retainer of $1,000.00 on February 24, 2014, and an additional retainer of $3,000.00 on April 24, 2014. The Interim Report also indicated that Respondent had returned $697.19 of the retainer to the Glasper Estate.

7. At some point after the Interim Report was filed, Ms. Thrower was removed as personal representative and replaced by Donna Cowan.

8. On April 4, 2017, Judge Rogers issued an "Order to Show Cause Why Former Attorney for Former Personal Representative Should Not Be Held in Violation of W.S. § 2-7-805." The Order referred to the retainer payments that were disclosed in the Interim Report and suggested that Respondent's acceptance of such payments would appear to violate W.S. § 2-7-805(a), which provides, "No fees shall be paid to the personal representative or the attorney for the estate except upon order of the court." A show cause hearing was set for April 25, 2017.

9. Respondent appeared at the hearing and expressed confusion over the payments, stating, "[A]pparently somebody used money to pay me that they shouldn't have used." Respondent conceded that this was his "first foray into doing work in the probate code." At the conclusion of the hearing, Judge Rogers ruled from the bench that Respondent had violated W.S.

3

§ 2-7-805(a) and that an order would be entered directing Respondent to return all fees to the Glasper Estate.

10. On April 28, 2017, Judge Rogers entered an "Order Holding Former Attorney for Former Personal Representative in Violation of W.S. § 2-7-805." Respondent was ordered to return fees in the amount of $3,302.81 to the Glasper Estate no later than June 28, 2017. Respondent complied with the order, making the court-ordered refund on Mary 22, 2017.

11. Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent has conditionally admitted to violations of Rule 1.1 (competence), Rule 1.3 (diligence), and Rule 1.5 (fees) of the Wyoming Rules of Professional Conduct as set forth above.

### ABA Sanction Standards

12. Respondent's violations of Rules 1.1, 1.3 and 1.5 call into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

4.41 Disbarment is generally appropriate when:
    (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
    (b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
    (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

4.42 Suspension is generally appropriate when:
    (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
    (b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

4

13. Respondent has conceded that there was the potential for harm to his client as a result of Respondent's failure to provide diligent representation as set forth above. In addition, Respondent's conduct resulted in delays in the administration of the Glasper Estate and unnecessary involvement by the court owing to Respondent's violation of W.S. § 2-7-805(a).

14. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

    9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

    9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

        (a) prior disciplinary offenses;

        (b) dishonest or selfish motive;

        (c) a pattern of misconduct;

        (d) multiple offenses;

        (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

        (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

        (g) refusal to acknowledge wrongful nature of conduct;

        (h) vulnerability of the victim;

        (i) substantial experience in the practice of law;

        (j) indifference in making restitution; and

        (k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation.*

    9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

    9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

        (a) absence of a prior disciplinary record;

        (b) absence of a dishonest or selfish motive;

        (c) personal or emotional problems;

        (d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

    (2) the chemical dependency or mental disability caused the misconduct;

    (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

15. In Respondent's case, aggravating factors include: (1) substantial experience in the practice of law; (2) a pattern of neglect/lack of diligence; and (3) vulnerability of the client. Mitigating factors include: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; and (4) imposition of other sanctions.

16. Respondent has agreed that, in consideration of the foregoing factors, a public censure is the appropriate sanction for the conduct to which Respondent has conditionally admitted.

6

17.    If the Court accepts the Board's recommendation and issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order of public censure to Laramie attorney John James Learned. The public censure stemmed from Learned's lack of diligence in representing the personal representative of an estate. Learned missed numerous deadlines set by the Wyoming probate code. Learned also charged and accepted fees from the personal representative without prior approval of the court as required by statute, which resulted in an order requiring Learned to refund those fees to the estate. Learned conceded that his conduct constituted negligent violations of Rules 1.1 (competence), 1.3 (diligence) and 1.5 (fees) of the Wyoming Rules of Professional Conduct. In approving the stipulation of Learned and Bar Counsel for a public censure as the appropriate sanction for Learned's misconduct, the Court ordered Learned to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, the Board of Professional Responsibility recommends that the Court issue an Order of Public Censure in accordance with the terms of this report and recommendation and that Respondent be ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

DATED this ___11___ day of October, 2017.

Judith A.W. Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

7